14-4519-cv
St. Paul Guardian Ins. Co. v. Leopold

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         GERARD E. LYNCH,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
ST. PAUL GUARDIAN INS. CO., ST. PAUL
FIRE & MARINE INS. CO.,
         <u>Plaintiffs-Counter-</u>
         <u>Defendants-Appellees</u>,

         -v.-                                      14-4519-cv

JONATHAN LEOPOLD,
         <u>Defendant-Counter-Claimant-</u>
         <u>Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Robert A. Gensburg, Gensburg,
                            Atwell & Greaves, St. Johnsbury,
                            VT.

**FOR APPELLEE:**                              Robert M. Vinci, Drinker Biddle & Reath LLP, Florham Park, NJ; Frederick P. Marczyk, Drinker Biddle & Reath LLP, Philadelphia, PA; Thomas E. McCormick, McCormick, Fitzpatrick, Kasper, Burchard, P.C., Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jonathan Leopold appeals from a judgment of the United States District Court for the District of Vermont (Crawford, <u>J</u>.) granting judgment on the pleadings to St. Paul Guardian Insurance Co. ("St. Paul") and dismissing Leopold's counterclaims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In this insurance coverage dispute, St. Paul issued a policy to the City of Burlington that afforded, <u>inter alia</u>, primary and excess public entity management liability ("PEML") coverage. The PEML coverage provides that St. Paul will pay whatever amount any "protected person" is legally required to pay as damages for a "covered loss," and will defend a "protected person" against a suit for such loss. AA-6. The PEML policy also contains an Insured v. Insured exclusion: coverage does not extend to "loss for which any claim or suit is made or brought by, or on behalf of, any current or former protected person against any current or former protected person." AA-11. Leopold was the Chief Administrative Officer of Burlington (a "protected person") and was a defendant in a lawsuit filed by two former city councilmen on behalf of the City of Burlington (the "Underlying Action"). The parties dispute whether St. Paul had a duty to defend or indemnify Leopold in the Underlying Action and whether St. Paul must reimburse Leopold for his attorney's fees in connection with criminal investigations pertaining to the conduct that was the basis of the Underlying Action.

2

The district court granted judgment for St. Paul on three separate grounds: (i) the damages sought in the Underlying Action did not qualify as a "covered loss," (ii) the two former city councilmen who brought the Underlying Action were insureds, triggering the Insured v. Insured exclusion in the PEML policy, and (iii) the Underlying Action was brought on behalf of the City of Burlington, which is an insured, triggering the Insured v. Insured exclusion in the PEML policy. The district court also dismissed Leopold's counterclaim for attorney's fees relating to the various criminal investigations because St. Paul had no duty to defend in the Underlying Action.

We review de novo a district court's judgment granting a motion under Rule 12(c) of the Federal Rules of Civil Procedure, L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011), and under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Carpenters Pension Trust Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 232 (2d Cir. 2014). An insurer has a duty to defend if "any claims [in the underlying action] are potentially covered by the policy," but if "there is no possibility that the insurer might be obligated to indemnify, there is no duty to defend." City of Burlington v. Nat'l Union Fire Ins. Co., 655 A.2d 719, 721 (Vt. 1994). Courts construe insurance policies according to their terms and the evidenced intent of the parties and give disputed terms their "plain, ordinary and popular meaning." Id.

**1.** As the district court concluded, the Underlying Action fell within the Insured v. Insured exclusion to the PEML policy. There is no dispute that Leopold is a "protected person," and it is clear that the suit was brought on behalf of the City of Burlington, a public entity protected by the policy. Under the plain wording of the contract, any "loss for which any claim or suit is made or brought by, or on behalf of, any . . . protected person against any . . . protected person" is excluded from coverage. It is therefore clear that St. Paul had no duty to defend or indemnify Leopold for the Underlying Action.

**2.** Because St. Paul had no duty to defend or indemnify Leopold in the Underlying Action, we agree with the district court that St. Paul has no duty to pay the attorney's fees Leopold has incurred in connection with various criminal investigations into the conduct that was the basis of the Underlying Action.

3

Accordingly, and finding no merit in Leopold's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK